[Civ. No. 8052. First Appellate District, Division Two.—December 16, 1931.]

GEORGE CHAINEY et Ux., Appellants, v. EMIL SHO-STROM, Executor, etc., et al., Defendants; MAR-GARET DENSMORE, Respondent.

Frank McNulty for Appellants.

Andrews & Gillham for Respondent.

SPENCE, J.—Plaintiffs brought this action seeking the cancellation of a certain contract and further seeking to obtain an accounting of and judgment for the sums previously received by Darlot Densmore, since deceased, and defendant Margaret Densmore, his wife, under said contract. From a judgment in favor of defendant Margaret Densmore, plaintiffs appeal.

Numerous other defendants were named in the complaint, but there is no controversy except that between the plaintiffs and the defendant Margaret Densmore, who was the

sole defendant, appearing at the trial and is the sole respondent on this appeal. Upon the death of her husband, said defendant Margaret Densmore had succeeded to all of his rights under the contract.

In March, 1921, said Darlot Densmore and Margaret Densmore were the owners of certain property located on Signal Hill in Los Angeles County. They entered into a contract with plaintiffs by which they agreed to sell said property to plaintiffs for the sum of $15,000, which sum was to be paid by plaintiffs in installments as provided in the contract. In June, 1921, and at a time when approximately $3,000 of the purchase price had been paid, plaintiffs had an opportunity to enter into an oil and gas lease with the Oceanic Oil Company, which company was willing to pay for said lease a royalty of $\frac{1}{6}$ part of the oil and gas extracted and saved from the premises. The company, however, required that plaintiffs should obtain the written consent of the Densmores, as owners of the property, to the making of said lease. The proposed lease was for the term of twenty years and at the option of the lessee for as long thereafter as the wells thereon were producing oil in paying quantities. On or about June 23, 1921, the Densmores gave their written consent indorsed upon said lease and a written contract was entered into between the Densmores and plaintiffs wherein it was agreed that the royalty provided for in the lease with the Oceanic Oil Company should be divided equally between them until the Densmores had received the full amount due them from the plaintiffs under the contract to purchase the land and thereafter the royalty should be divided $\frac{3}{5}$ to plaintiffs and $\frac{2}{5}$ to the Densmores. It is this contract which is involved in the present action. In January, 1923, and before any royalty had been received by the parties, plaintiffs paid to the Densmores the full balance due upon the agreed purchase price for the property. In closing the transaction a deed was executed by the Densmores and deposited with an escrow holder to be delivered to plaintiffs upon payment of the balance due. A clause included in the signed escrow agreement read as follows: "It is understood by the parties hereto that the royalties on the oil lease on this property is for $\frac{1}{6}$ of production and that the same is to be distributed $\frac{3}{5}$ths to purchaser and $\frac{2}{5}$ to seller for life of lease." The deed

executed by the Densmores and delivered to plaintiffs pursuant to the escrow instructions was in the ordinary form of a grant deed and made no mention of the royalty. Thereafter oil was produced and the royalty, received each year under the lease and divided by plaintiffs and the Densmores under the terms of their contract, ran into large sums of money. Apparently no dispute arose until the plaintiffs sought to obtain the consent of defendant Margaret Densmore to a modification of the terms of the lease with the lessee. Upon her refusal to consent thereto, plaintiffs brought this action. Contrary to the contentions of plaintiffs, the trial court by its judgment declared in effect that the contract relating to the division of the royality was a valid and existing contract; that defendant Margaret Densmore was entitled to ⅖ of the royalty received and to be received under the terms of said lease; and that plaintiffs were not entitled to recover from said defendant any of the money theretofore paid under the terms of said contract.

Upon this appeal appellants contend that the trial court erred in entering judgment in favor of respondent and further contend that said appellants were entitled to judgment for the cancellation of said contract and for the recovery of the sums received by respondent thereunder. We find no merit in these contentions. ■ In support thereof appellants argue that the contract to divide the royalty was without consideration. In addition to the presumption that there was a good and sufficient consideration for the written contract (Code Civ. Proc., sec. 1963, subd. 39), the testimony of appellant George Chainey and the terms of the instrument itself conclusively showed that appellants entered into said contract in consideration of the Densmores giving their written consent to the lease. Said appellant testified: " . . . the understanding was that I was giving it to them . . . because the Oceanic asked that their signatures be there . . . ". The following questions and answers are also found in the testimony of said appellant: "Q. . . . In that conversation with Mr. and Mrs. Densmore at that time did you tell them for what purpose you were giving them or going to give them two-fifths of the royalty? A. Why, it was understood— Q. Just say yes or no, whether you told them or not. A. I did not

tell them, only the fact that the Oceanic Oil Company required their signatures because I owed them that money.'' The contract itself, as signed by the parties, contained the following clause after certain recitals: ''Now, Therefore, in consideration of the mutual concessions of the parties hereto and the execution of said lease by each of the parties, it is agreed as follows . . . '' It requires no citation of authority nor further statement of the evidence to demonstrate that the trial court's findings to the effect that the contract was based upon a good and valuable consideration, were amply sustained. ▇ It is further urged that the contract to divide the royalty was unconscionable and uncertain. In our opinion these points are entirely without merit.

▇ In support of the foregoing contentions, it is further argued that even assuming the validity of the contract, the Densmores' rights thereunder were waived by the execution and delivery to appellants of the grant deed containing no reservations. Appellants' argument is based upon the theory that ''the agreement to divide the royalty or rent to be received under the lease amounted to a reservation of an interest in the land and, not having been reserved in the deed, was waived''. On the other hand, respondent takes the position that the agreement was in the nature of a personal covenant not creating an interest in the land and was unaffected by the delivery of the deed to appellants. Continuing, respondent argues that even assuming the agreement created an interest in the land, the several instruments including the deed and escrow agreement must be taken together (Civ. Code, sec. 1642; 6 Cal. Jur. 298), and when so considered, it affirmatively appears that there was no waiver. We deem it unnecessary to enter into discussion of whether the contract created ''an interest in the land'' as contended by appellants as we do not believe that the rights of the Densmores under the contract would be affected by a determination of that question. Both the terms of the contract and the terms of the escrow agreement under which the deed was delivered showed that it was at all times the intention of the parties that the Densmores' right to share in the royalty should continue for the life of the lease and after the payment of the purchase price and the transfer of title to appellants. Under these circumstances

the deed transferring title to appellants cannot be relied upon as a waiver of the rights of the Densmores under the contract. We are of the opinion that the trial court properly decreed that the grant deed did not impair or in any manner affect the right of the Densmores to continue to receive their agreed share of the royalty.

The further contentions of appellants are closely related to those hereinbefore discussed. ■ From what has been said it follows that the trial court did not err, as contended by appellants, in failing to find the amount of money previously received by respondent under the contract. Such finding, if made, would have been immaterial as appellants were not entitled to recover the sums theretofore paid to respondent. ■ It likewise follows that there was no error in admitting in evidence the escrow agreement referred to above. ■ It is also claimed that the trial court erred in not permitting testimony regarding the desire or attempt of appellants to reduce the royalty provided for in the original lease in order to induce the oil company to drill to deeper sands. There was no error in these rulings of the trial court as the contract between the parties fixed the right of the Densmores to share in the royalty under the existing lease during the life thereof. Under the pleadings the trial court was only called upon to determine whether the contract of the parties relating to the division of the royalty received under the terms of the original lease was valid. It was immaterial under the issues whether appellants desired to modify the existing lease or had attempted to do so.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1932.